United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Evenor Saravia Jaime and others, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Bory's Produce, Inc. and Borys I. ) <br> Agurcia, Defendants. ) | Civil Action No. 20-20330-Civ-Scola |

## Order

This matter is before the Court on the Defendants' second motion for an extension of time to retain new counsel. (Defs.' Mot., ECF No. 36.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies** the Defendants' motion (**ECF No. 36**).

On June 30, 2020, the Court granted the Defendants' counsel's motion to withdraw as counsel to Defendants Bory's Produce, Inc., and Borys I. Agurcia. (Order, ECF No. 25.) However, in the Eleventh Circuit, corporate parties, such as Defendant Bory's Produce, Inc., may not litigate *pro se*. *See Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 912 n.1 (11th Cir. 2008) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that a corporation cannot appear pro se even when the person seeking to represent it is the president and major stockholder)). Accordingly, the Court ordered Defendant Bory's Produce, Inc. to "retain new counsel on or before **July 28, 2020**" and the Order further stated that "the Court may hold Bory's Produce, Inc. in default, and without further notice, if it fails to retain new counsel and file a notice of such retention with the Court by **July 28, 2020**." (ECF No. 25 at 1 (emphasis in original).) Although the individual defendant, Borys I. Agurcia, could proceed *pro se*, the Court nevertheless ordered him to "either (a) retain new counsel and have that counsel file a notice of appearance with the Court by that date or (b) file a notice with the Court stating that he wishes to represent himself (*i.e.*, proceed *pro se*)." (*Id.*) Defendant Agurcia was also warned that his failure to comply with that Order would be "under penalty of default without further notice." (*Id.*) When July 28, 2020, came and passed without any response from the Defendants to the Order concerning new counsel, the Court ordered the Clerk of Court to enter a Clerk's Default against the Defendants.

Shortly thereafter, on August 4, 2020, the Defendants moved for a 60-day extension and the Court granted the Defendants a 30-day extension of time. (Mot., ECF No. 32; Order, ECF No. 35.) The first motion for an extension explained that Borys Agurcia's "business is going through a very difficult [financial] crisis" due to the COVID-19 pandemic and that he was struggling to put together the funds to retain counsel for himself and the corporate defendant. Although the motion could have been denied as untimely, noncompliant with the pre-filing-conference certification requirement of the Local Rules, and improper because a *pro se* corporation cannot be represented by a non-attorney officer of the corporation, the Court was considerably lenient and nevertheless granted the motion in part due to the unprecedented circumstances arising from the COVID-19 pandemic. The Defendants were given until September 1, 2020 to retain new counsel or, in the case of the individual Defendant, file a notice of intention to proceed *pro se*.

The instant motion presents no cause for another extension. The motion provides, in relevant part, "due to COVID-19 and lack of funds, defendant has not been able to hire counsel for his defense. Defendant wants to finish with this case and get on with his life but also wants to be able to have legal counsel to properly defend him." (ECF No. 36 at 1.) However, these are the exact same reasons the Defendants provided when first seeking an extension of time into October 2020 (*i.e.*, when they sought, in August, a 60-day extension). Now that their 30-day extension of time has lapsed, the Defendants seek to further delay the case into December 2020. By that time, this action would be pending for 12 months and almost half of that time would have been spent awaiting the Defendants' retention of counsel. As the Plaintiffs foreshadowed in their opposition to the first motion for extension of time, the Court should not – and now does not – agree to embark upon such a "slippery slope" of inordinate delay. (Pls.'s Resp., ECF No. 34 at 3.) Moreover, the motion mentions no efforts that were undertaken to retain counsel. It simply states that the same pandemic that existed when they first sought an extension still exists today.

The second motion for extension of time is denied for four reasons. First, it fails to show good cause for a second extension. To the extent the existence of the pandemic is the sole explanation for the Defendants' noncompliance, then the Defendants are essentially seeking an indefinite extension until the end of the pandemic. Second, the motion fails to comply with Local Rule 7.1(a)(3), which requires a pre-filing-conference certification. Significantly, the Court raised this defect in the Order granting in part the Defendants' first motion for extension of time, yet the Defendants have again violated the Local Rules. Third, the motion fails to comply with the Court's July 1, 2020 Order in two respects. The motion was impermissibly filed by a non-attorney on behalf

of a corporate defendant and the non-attorney failed to comply with that portion of the prior Order requiring him to either "retain new counsel . . . *or* file a notice stating that he wishes to represent himself." (ECF No. 25 at 1-2 (emphasis added).) Instead, the individual Defendant has thus far refused to proceed *pro se*, but his refusal to proceed *pro se* in the face of months of time to obtain counsel does not warrant further delay in this action. Fourth, delaying these proceedings for a total of 150 days for the Defendants to obtain counsel – particularly where one of the Defendants could, but refuses to, proceed *pro se* – would result in undue prejudice to the Plaintiffs.

As the Court has already granted the Defendants 60 days to retain new counsel and expressly warned the Defendants that "any further non-compliance may be met with sanctions, including default judgment" "without further notice" the Court finds that the motion is due to be denied and the Defendants are in default. (ECF No. 35 at 2.) The Plaintiffs shall comply with the Court's July 30, 2020 Order on Default Judgment Procedure by no later than **September 15, 2020**. Failure to comply will result in a dismissal without prejudice and without further notice as to the Defendants.

**Done and ordered** in chambers, at Miami, Florida, on September 4, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

Copy via U.S. mail to:
Borys I. Agurcia
1680 SW 14 Terrace
Miami, FL 33145

Bory's Produce Inc.
1680 SW 14 Terrace
Miami, FL 33145